**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6559**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARNELL FREEMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CR-02-427)

---

Submitted: October 20, 2004      Decided: November 22, 2004

---

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Darnell Freeman, Appellant Pro Se. LeDora Knight, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darnell Freeman entered into an agreement with the Government to plead guilty to conspiracy to distribute fifty grams or more of cocaine base. In the agreement, the Government reserved the sole discretion to decide whether to file a motion for a substantial assistance departure. Following his direct appeal, Freeman filed a motion to enforce his plea agreement, seeking an order requiring the Government to file a Fed. R. Crim. P. 35(b) motion to reduce his sentence based on his cooperation. The district court denied the motion, and Freeman timely appealed.

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade v. United States, 504 U.S. 181, 186 (1992). A defendant must make a "substantial threshold showing" of improper motive to warrant an evidentiary hearing. Id. "This court has followed the Supreme Court's lead and strictly interpreted the Wade exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the Government's refusal to file a motion is based on an unconstitutional motive such as race or religious animus, or is not rationally related to a legitimate governmental end, district

- 2 -

courts are without authority to review a prosecutor's discretionary decision not to file a substantial assistance motion.  <u>Id.</u>

Thus, Freeman's assertions that he provided substantial assistance do not entitle him to any relief.  Further, his claim that the Government breached the plea agreement by declining to investigate Freeman's information is belied by the plea agreement. The plea agreement gave sole discretion to the Government to determine whether to file a motion for departure and did not require any specific investigation on the Government's part. Finally, Freeman does not even allege that the Government's failure to so move was based on an unconstitutional motive.

Accordingly, we affirm the order of the district court and deny Freeman's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>